**This version includes an errata dated 24May00-e**

## UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-52

ELIZABETH L. REDDING, APPELLANT,

V.

TOGO D. WEST, JR.,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided   May 22, 2000   )

*Clark Evans,* of Searcy, AZ was on the brief for the appellant.

*Leigh A. Bradley*, General Counsel; *Ron Garvin*, Assistant General Counsel; *Mary Ann Flynn,* Acting Deputy Assistant General Counsel; and *John D. McNamee*, all of Washington, D.C. were on the brief for the appellee.

Before KRAMER, HOLDAWAY, and IVERS, *Judges*.

IVERS, *Judge*:  The appellant appeals from a December 22, 1997, Board of Veterans' Appeals (BVA or Board) decision that concluded that the appellant lacked legal standing to apply, on the veteran's behalf, for entitlement to additional compensation for the veteran based on her need for regular aid and attendance.  Record (R.) at 3.  The appellant filed an informal brief, and the Secretary filed a brief.  In a September 17, 1999, order, the Court stayed the proceedings to allow the appellant to seek pro bono representation pursuant to Miscellaneous Order No. 3-99.  On November 18, 1999, the appellant filed a supplemental brief and, on April 4, 2000, the Secretary filed a response to the appellant's brief.  This appeal is timely, and the Court has jurisdiction over the case pursuant to section 7252(a) of title 38, United States Code.  For the reasons stated below, the Court will affirm the Board's decision.

# I. FACTS

The veteran, Tyrone N. Redding, served on active duty in the U.S. Marine Corps from June 28, 1967, to July 28, 1969. R. at 9. In a September 29, 1969, rating decision, the regional office (RO) granted service connection for schizophrenic reaction and it assigned a 100% disability rating, effective July 29, 1969. R. at 11-12. On August 11, 1977, the veteran was married to the appellant, Elizabeth House (R. at 16), and there is no evidence to indicate that they are not currently married. In a March 11, 1980, rating decision, the RO awarded a 100% schedular rating for the veteran's paranoid schizophrenia, effective May 18, 1979. R. at 20. On March 23, 1984, the RO declared the veteran incompetent for VA purposes (R. at 28), and the appellant was listed as having legal capacity to receive and disburse VA benefits on behalf of the veteran. R. at 30. However, on July 14, 1987, based upon marital "difficulties" experienced between the veteran and the appellant (R. at 33), VA designated the veteran's mother, Murlean Redding, as the veteran's legal custodian. R. at 32.

On November 18, 1991, the appellant filed a claim for additional VA compensation based upon her need for additional aid and attendance pursuant to section 1115 of title 38, United States Code. R. at 35. The appellant's condition was attributable to "gunshot wounds of the hip and back, two herniated discs, and a removed right kneecap." R. at 38. The appellant also suffered from arthritis and exogenous obesity, and her lack of mobility led to edema in her extremities. *Id*. However, in a September 17, 1992, rating decision, the RO denied the appellant's claim (R. at 40), and noted, "The evidence does not establish that the veteran's spouse requires the constant aid and attendance of another person to perform activities of daily living." R. at 38.

On October 6, 1992, the appellant filed a Notice of Disagreement (NOD) as to the RO's September 1992 denial of additional compensation. R. at 42. On November 30, 1992, the RO issued a Statement of the Case (R. at 45-49), and the appellant filed a substantive appeal on January 4, 1993. R. at 53-54. In an April 19, 1993, hearing before the RO, the appellant testified as to her deteriorating condition and her need for regular aid and attendance. R. at 66-80. However, in a March 15, 1995, decision, the Board remanded the matter for a determination of whether the appellant was eligible to receive VA disability compensation benefits based upon the need for regular aid and attendance. R. at 97-99.

On remand, in an April 10, 1995, VA memorandum, the RO concluded that it had erred in

accepting the appellant's NOD and substantive appeal because only the veteran, his legal guardian, or authorized agent may file an NOD. R. at 101. Further, the RO determined that, although "a liberal interpretation of the regulations would seem to indicate that the spouse could apply for this benefit . . . , the disallowance should have been sent to the veteran or his authorized representative." *Id.*; *see* 38 U.S.C. § 7105(b)(2). In a letter, dated May 3, 1995, the RO notified the appellant that her NOD was accepted in error because she was not the veteran, his legal guardian, or authorized agent. R. at 104.

In its December 22, 1997, decision here on appeal, the Board concluded that the appellant "lack[ed] legal standing to apply, on the veteran's behalf, for entitlement to additional compensation to the veteran based on her need for regular aid and attendance." R. at 3.

## II. ANALYSIS

Section 1115 of title 38, United States Code, states, "Any veteran . . . whose disability is rated not less than 30 percent, shall be entitled to additional compensation for dependents," including those who are in "need or require the regular aid and attendance of another person." 38 U.S.C. § 1115(1)(E)(ii) (1999); 38 C.F.R. § 3.351(a)(2) (1998). If the requisite criteria to receive "additional compensation" under section 1115(E)(ii) are met, the benefit flows to only the veteran or his legal representative.

An appellant who files an appeal with this Court is required to have standing. *Swan v. Derwinski*, 1 Vet.App. 20, 22-23 (1990). Although it is an Article I court, this Court has held that it will adhere to the Article III "case or controversy" limitation, and require that appellants have standing. *Mokal v. Derwinski*, 1 Vet.App. 12, 13 (1990); U.S. CONST. art. 1, § 1 et seq.; U.S. CONST. art. 3, § 1 et seq. Therefore, in order for an appellant to have standing, that individual must demonstrate that he or she has been injured (*see Swann v. Derwinski*, 1 Vet.App. 20, 23 (1999) (citing *Allen v. Wright*, 468 U.S. 737, 750 (1984))) and has a "personal stake in the outcome of the controversy." *Baker v. Carr*, 369 U.S. 186, 204 (1962); *see also* 38 U.S.C. § 7266(a) (1998) (In order to obtain review by the Court of a final Board of Veterans' Appeals decision, a person must be "adversely affected" by that decision in order to file a Notice of Appeal).

In this case, the appellant has not demonstrated that she has standing to submit an NOD or substantive appeal. *See* R. at 42. Although the appellant was initially granted legal capacity to

receive and disburse VA benefits on behalf of the veteran (R. at 30), as of July 14, 1987, VA divested the appellant of her capacity as a legal guardian, and designated the veteran's mother as legal custodian. R. at 32. This change was based upon marital "difficulties" between the veteran and the appellant. R. at 33. Section 7105(b)(2) of title 38, United States Code, states:

> Notices of disagreement, and appeals, must be in writing and may be filed by the claimant, the claimant's legal guardian, or such accredited representative, attorney, or authorized agent as may be selected by the claimant or legal guardian. Not more than one recognized organization, attorney, or agent will be recognized at any one time in the prosecution of a claim.

38 U.S.C. § 7105(b)(2) (1998). Because the appellant is no longer designated as the veteran's representative for VA purposes, and she is not among the other individuals listed in section 7105(b)(2), she lacks standing, and is not entitled to file an NOD and a substantive appeal with the Board under section 1115. The appellant has no "personal stake in the outcome of the controversy" (*Baker, supra*) because, should her claim be successful, the benefit would flow to the veteran, and not to her, in accordance with section 1115. Therefore, the appellant has failed to demonstrate standing. *See Mokal, supra*; U.S. CONST. Art. 3, § 1 et seq.

In her informal brief, the appellant argues that the Board failed to take into account a power of attorney, dated May 25, 1993, conveyed to her by the veteran, which she claims was part of the record on appeal (ROA) prior to the Board's decision in the instant case. Appellant's Brief (Br.) at 3. The appellant further alleges that VA removed and concealed the power of attorney. *Id*. It is with profound regret that the Court informs the appellant that the proverbial horse, which she no longer wishes to beat (Appellant's Supplemental (Suppl.) Br. at 13), is not only dead, but the Court is gazing down upon its carcass and wondering why it has not been given a proper burial. In a nondispositive order, dated January 14, 1999, the Court specifically excluded the power of attorney from the ROA because "the documents provided by the appellant [were] insufficient to show that the [power of attorney] was proffered to the Secretary." *Redding v. West*, No. 98-52 (Jan. 14, 1999) (Single-judge-nondispositive order). The Court is precluded by statute from considering any material that was not contained in the "record of proceedings before the Secretary and the Board." 38 U.S.C. § 7252(b); *Patton v. West*, 12 Vet.App. 272, 276 (1999).

As for the appellant's accusation that VA removed and concealed the document, there is a presumption of regularity that supports "the official acts of public officers and, in the absence of

4

*clear evidence to the contrary*, courts presume that they have properly discharged their official duties." *Ashley v. Derwinski*, 2 Vet.App. 62, 64-65 (1992) (*Ashley I*) (quoting *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14-15 (1926)). The record in this case, contains no such "clear evidence to the contrary" (*id*); however, the appellant is not precluded from using the May 23, 1993, power of attorney as evidence for the purpose of attempting to reopen her claim. *See* 38 U.S.C. §5108 ("If new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim."); *Winters v. West*, 12 Vet.App. 203, 206 (1999) (en banc).

In her brief, the appellant argues that a claim for apportionment was pending before the Board at the time of its decision, and that it should have construed her claim for aid and attendance as a claim for an increase in her apportionment. Appellant's Suppl. Br. at 7-9; *see* 38 C.F.R. § 3.452 (1999). However, there is no evidence in the record that demonstrates the veteran's intent to raise a claim for apportionment to the Board. *See* 38 U.S.C. § 7105(d)(3) and (5); R. at 35, 51, 66-80, 96, 125-37. The appellant's apportionment claim is just that, a claim, not an argument relating to the aid and attendance claim raised in her NOD on appeal to the Board. *See Maggitt v. West*, 202 F.3d 1370 (2000). While the Board must interpret the veteran's submissions broadly, the Board is not required to conjure up issues that were not raised by the claimant. *See Talbert v. Brown*, 7 Vet.App. 352 (1995). In this case, where the veteran has failed to raise a particular claim before the RO and Board, and there is neither a jurisdiction-conferring NOD nor a final Board decision with respect to the issue of apportionment, the Court lacks jurisdiction to review it on appeal. *See* 38 U.S.C. § 7252; VJRA § 402; *Velez v. West*, 11 Vet.App. 148, 157-58 (1998); *Maggitt, supra*; *see also Collaro v. West*, 136 F.3d 1304, 1309 (Fed. Cir. 1998); *Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir. 1998).

Moreover, the Court notes that the appellant does not aver that she is a present apportionee. Indeed, the appellant's brief appears to acknowledge that she is not now an apportionee in that it suggests that her claim includes a claim for apportionment. That acknowledgment is supported by the record on appeal, which does not show the existence of any present apportionment, only prior apportionments that had been withdrawn by the appellant. R. at 56, 91. Because she is not an apportionee, the appellant has no standing to bring a claim in her own right. Assuming that the appellant can file a claim as "next friend" to the incompetent veteran on the basis that the fiduciary "fail[ed] to take needed action" (*see* 38 C.F.R. § 20.301(b) (1999)), contrary to her argument, she

5

has not filed such a claim. She has only filed a claim on her own behalf. Finally, the Court further notes that, even assuming it ever was in the claims file, the appellant has failed to demonstrate that a power of attorney executed long subsequent to a VA declaration of incompetence could have any legal effect.

The Court has considered the additional arguments raised in the appellant's brief and finds them to be without merit.

## III. CONCLUSION

After consideration of the appellant's briefs, the Secretary's brief, and a review of the record, the Court holds that the appellant has not demonstrated that the Board committed either legal or factual error which would warrant reversal or remand. The Court is also satisfied that the Board decision fulfills the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1). *See Gilbert v. Derwinski*, 1 Vet.App. 49 (1990). Therefore, the Board's December 22, 1997, decision is AFFIRMED.