**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 02-1453

LARRY E. BELTON, SR., PETITIONER,

v.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, RESPONDENT.

Before KRAMER, *Chief Judge*, and IVERS and GREENE, *Judges*.

**O R D E R**

On September 6, 2002, the pro se petitioner filed a pleading that the Court, in an October 2, 2002, single-judge order, construed as a petition for extraordinary relief pursuant to Rule 21 of the Court's Rules of Practice and Procedure. The petition asserts that the Secretary and his agents entered into a criminal conspiracy to prevent the payment of monies owed to the petitioner's mother, Carrie Able, who had been granted an apportionment of the petitioner's disability compensation. The petitioner seeks an order of this Court requiring the Secretary to pay the petitioner's mother the amounts owed to her, to prevent VA from using reports the petitioner claims have been illegally obtained, and to require VA to obtain photocopies of checks issued by the Department of the Treasury that were allegedly inappropriately diverted to parties other than the petitioner's mother. A key element of the petitioner's motion relates to whether an apportionment benefit granted in favor of his mother has been properly reduced. Attached to his petition are numerous exhibits. In an October 2, 2002, single-judge order, the Court ordered the Secretary to file a response to the petitioner's construed petition.

The Secretary's October 30, 2002, response to the petition indicates that Ms. Able filed for the apportionment benefit on her own behalf and documents that she received notice of the proposed reduction and notice of the rating decision reducing her apportionment benefit. Response (Resp.) at 2-3. The Secretary asserts that neither Ms. Able, nor her son, Frank Able, who is responsible for managing her funds, requested a hearing in response to the proposed reduction or filed a Notice of Disagreement in response to the rating decision reducing her apportionment benefit. Resp. at 7-8.

In a November 20, 2002, single-judge order, the Court ordered the petitioner to file a supplemental memorandum of law addressing whether he has standing to assert his mother's rights in this matter, and ordering the Secretary to file a supplemental answer to the petitioner's supplemental memorandum. The petitioner filed his supplemental memorandum on December 10, 2002. Therein, he asserts that his mother is mentally incompetent, totally disabled, and under the care of a medical doctor and a psychiatrist, and that he has therefore taken it upon himself to act on her behalf. December 10, 2002, Supplemental (Suppl.) Memorandum at 1-20. The petitioner

provides no evidence that he is legally empowered to act on his mother's behalf; indeed, in a later pleading, the petitioner states that Frank Able, and not petitioner, is Ms. Able's guardian. *See* Petitioner's March 28, 2003, Pleading at Exhibit G (statement in support of claim, signed by petitioner, describing Frank Able as "my brother and guardian for our mother"); *see also* Suppl. Answer (Ans.) at Exhibit 8 (letter from Executive Director of nursing home in which Ms. Able is a patient, describing Frank Able as Ms. Able's "guardian ad litem/responsible party").

The Secretary filed his supplemental answer on February 10, 2003. The Secretary's supplemental answer first recounts the background of this case; it confirms that Ms. Able applied for and was granted an apportionment of the incarcerated veteran's disability compensation, but noted that a field examination had disclosed that she was residing in a Medicaid-subsidized nursing home and that all her expenses were being paid by Medicaid. Suppl. Ans. at 2-4. The Secretary then notes that, on May 2, 2001, Ms. Able was notified by letter that, because she was residing in a Medicaid-subsidized nursing home and because all her expenses were being paid by Medicaid, the RO had proposed to terminate her apportionment benefits. Suppl. Ans. at 4. Neither Ms. Able nor Frank Able requested a hearing or presented evidence or argument in response to the proposed reduction. Suppl. Ans. at 4. On July 9, 2001, the RO notified Ms. Able that her apportionment benefits were terminated, effective July 1, 2001; the RO further informed Ms. Able of her procedural and appellate rights. Suppl. Ans. at 5. However, VA received no correspondence from Ms. Able or Frank Able attempting to appeal or otherwise disagreeing with this determination. Suppl. Ans. at 5. The Secretary argues that the petitioner lacks standing to assert his mother's rights in this matter because he has not been adversely affected by the termination of his mother's apportionment award; is not her legal guardian; and has no personal stake in the outcome of these issues, because his compensation benefits are not affected by the termination of his mother's award. Suppl. Ans. at 6-7. The Secretary further argues that, under 38 C.F.R. §§ 3.450 and 3.665 (2002), the benefits of an incarcerated veteran and the benefits apportioned to his beneficiaries are separate and distinct. Suppl. Ans. at 7-10; *see also* 38 C.F.R. § 3.665(e)(1) ("[a]ll or part of the compensation not paid to an incarcerated veteran may be apportioned to the veteran's spouse, child, or children and dependent parents on the basis of individual need").

This Court has jurisdiction to issue a writ only in aid of its *potential* jurisdiction. *In re Fee Agreement of Cox*, 10 Vet.App. 361, 370 (1997), *vacated in part on other grounds sub nom. Cox v. West*, 149 F.3d 1360 (Fed. Cir. 1998) (affirming all holdings; vacating only for consideration of asserted facts occurring after issuance of this Court's opinion). Therefore, the issue in this case is whether we can ever have jurisdiction over the petitioner's claim. Under 38 C.F.R. § 3.665(a), the petitioner, who is incarcerated, is entitled to receive only a portion (equal to the amount payable for a 10% evaluation) of his disability compensation benefits. Section 3.665(a) also states:

> A person whose benefits are subject to this reduction shall be informed of the rights of the person's dependents to an apportionment while the person is incarcerated, and the conditions under which payments to the person may be resumed upon release from incarceration. In addition, *the person's dependents shall also be notified of*

*their right to an apportionment* if [VA] is aware of their existence and can obtain their addresses.

38 C.F.R. § 3.665(a) (emphasis added). Although arising from a veteran's benefits, an apportionment is an entity legally separate from those benefits. Thus, when veterans' dependents file on their own behalf for an apportionment, they seek to exercise "their right to an apportionment." *Id.*; *see also* 38 U.S.C. § 5307; *see generally Redding v. West*, 13 Vet.App. 512, 514-15 (2000); *Hall v. Brown*, 5 Vet.App. 294, 294-95 (1993). Here, Ms. Able filed on her own behalf an application for the apportionment (of the petitioner's benefits) that she eventually received. *See* Suppl. Ans. at Exhibit 1.

The petitioner has no legally significant connection to the apportioned benefits; he is not Ms. Able's legal guardian, and she filed on her own behalf an application exercising *her own right* to an apportionment. Because he is incarcerated, the petitioner is entitled to receive no more than the reduced portion of benefits that he already receives. *See* 38 C.F.R. § 3.665(a). Therefore, he does not have a personal stake in the outcome, nor has he shown that he has been adversely affected by the termination of his mother's apportionment award. As such, the petitioner's argument that he has standing to bring this petition because the apportionment arose out of his benefits lacks merit. *See Redding*, 13 Vet.App. at 514 ("in order for an appellant to have standing, that individual must demonstrate that he or she has been injured . . . and has a 'personal stake in the outcome of the controversy'" (quoting *Baker v. Carr*, 369 U.S. 186 (1962)). Furthermore, the argument that he has standing to bring this claim based on the fact that his mother is incompetent also lacks merit, because Frank Able, and not the petitioner, is her guardian or fiduciary for such matters. In finding a lack of standing in *Redding*, the Court looked to see whether an appellant who was not the legal guardian of the veteran had standing to submit an NOD or Substantive Appeal (in seeking increased compensation for the veteran under 38 C.F.R. § 3.351(a)(2) (1998)). *Redding*, 13 Vet.App. at 514-15. In this case, the petitioner would not have such standing. Without standing, there can be no potential jurisdiction over his claim. Therefore, the Court will dismiss the petition for lack of jurisdiction. *See id.* at 514 ("[a]n appellant who files an appeal with this Court is required to have standing"); *Cox*, *supra*.

Upon consideration of the foregoing, it is

ORDERED that the petitioner's petition is DISMISSED for lack of jurisdiction.

DATED: July 31, 2003                                        PER CURIAM.


KRAMER, *Chief Judge*, concurring: I concur in the Court's dismissal of the petitioner's September 6, 2002, construed petition for extraordinary relief in the nature of a writ of mandamus. I write separately to note that, in addition to the matters referred to by the majority, I believe that the petition should be dismissed for lack of jurisdiction on the ground that the Court's authority to issue a writ pursuant to the All Writs Act (AWA), 28 U.S.C. § 1651(a), does not extend to this matter.

3

In this regard, I note that the AWA empowers the Court to issue "writs necessary or appropriate in aid of [its] . . . jurisdiction[]." 28 U.S.C. § 1651(a). The Court has interpreted this to mean that, "if the Court's granting of the . . . petition would lead to a [Board of Veterans' Appeals (BVA)] decision over which the Court would have jurisdiction, the Court would possess jurisdiction to issue a writ of mandamus . . . ." *In re Fee Agreement of Cox*, 10 Vet.App. 361, 371 (1997), *vacated on other grounds sub nom. Cox v. West,* 149 F.3d 1360 (Fed. Cir. 1998) (affirming all holdings; vacating only for consideration of asserted facts occurring after issuance of this Court's opinion); *see YI v. Principi*, 15 Vet.App. 265, 267 (2001) (per curiam order) (holding that Court lacks jurisdiction over any issue that cannot actually or potentially be subject of BVA decision). Here, there is no indication that the petitioner has a pending claim related to this petition that would ever be the subject of a BVA decision; thus, the Court lacks jurisdiction over the petition in this case. *See YI, supra* (concluding that, because relief sought by petitioner was unrelated to any pending claim or BVA decision, Court lacked jurisdiction over petition); *Lane v. West*, 11 Vet.App. 412, 413-14 (1998) (per curiam order); *Cox*, *supra*. Accordingly, the petition should be dismissed based on the Court's lack of jurisdiction over this matter.