# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-1248

JOHN M. FERENC, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided    May 12, 2006   )

*Allan T. Fenley*, of Schenectady, New York, was on the brief for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Brian B. Rippel*, Deputy Assistant General Counsel; and *Erika E. Liem*, all of Washington, D.C., were on the brief for the appellee.

Before KASOLD, LANCE, and SCHOELEN, *Judge*s.

SCHOELEN, *Judge*:  The appellant, John M. Ferenc, through counsel, appeals a May 28, 2004, Board of Veterans' Appeals (Board) decision in which the Board found that, as a result of his incarceration, the appellant's disability compensation was properly reduced to that commensurate with a 10% disability rate, effective October 1983.  Record (R.) at 1-10.  The appellant and the Secretary each filed a brief.  This appeal is timely, and the Court has jurisdiction over the case pursuant to 38 U.S.C. §§ 7252(a) and 7266.  For the reasons that follow, the Court will affirm the Board's decision.

## I. BACKGROUND

The appellant served on active duty in the U.S. Marine Corps from September 1945 to January 1949.  R. at 12.  He was rated 70% disabled for service-connected schizophrenia, effective January 1969, and was subsequently rated 100% disabled, effective October 1980.  R. at 73.

In September 1983, the appellant was convicted of multiple felonies and incarcerated with the Department of Corrections of the State of Florida. R. at 357-59. The VA regional office (RO) notified the appellant that his disability benefits would be reduced, and that his dependents were to receive an apportionment of the reduced benefits. R. at 164-65. In October 1983, the appellant submitted a Notice of Disagreement (NOD) regarding the reduction of his benefits. R. at 189. An April 1984 RO action withdrew the appellant's NOD because the balance of his reduced compensation was being apportioned to his dependents. R. at 196. A September 30, 2002, decision of the Court determined that the RO had impermissibly withdrawn the NOD, and the Court remanded the issue of whether the NOD was timely filed back to the Board for readjudication. R. at 261-62. A May 2003 Board decision found that the October 1983 NOD was timely, and remanded the case to the RO for the issuance of a Statement of the Case (SOC). R. at 348. The RO issued an SOC in January 2004 (R. at 388), and the appellant then perfected his appeal to the Board (R. at 403).

On May 28, 2004, the Board issued the decision here on appeal. R. at 1-11. The Board found that, as a result of his incarceration, the appellant's disability compensation was properly reduced to that commensurate with a 10% disability rating, effective October 1983. Accordingly, the Board denied his claims for the resumption of benefits paid at the pre-incarceration rate. R. at 8.

## II. THE PARTIES' ARGUMENTS

The appellant argues that (1) the reduction of his benefits due to his incarceration violates the statutory prohibitions against the reduction of a rating of total disability that has been in force for more than 20 years, and the severance of service connection that has been in force for more than 10 years, and (2) the apportionment of the reduced compensation to the appellant's dependents violates the statute governing the nonassignability of compensation benefits. Appellant's Brief (Br.) at 4-5. The appellant argues for a reversal of the May 28, 2004, Board decision and requests that he receive "payment of the benefits of which he has been deprived from 1983 to the present." *Id*. at 5-6.

The Secretary first argues that the appellant does not have standing under this Court's decision in *Belton v. Principi*, 17 Vet.App. 209 (2003). Secretary's Br. at 8. The Secretary further

argues that the appellant's argument is "premised upon a miscomprehension of the facts and the law." *Id*. at 8-9. Specifically, the Secretary states that the appellant's disability rating has not been reduced, nor has his service connection been severed. Rather, the appellant's level of compensation, which is distinct from a rating level and from service-connection status, has been reduced. *Id*. The Secretary also argues that the reduction and apportionment of the appellant's disability compensation does not violate the nonassignability provision of 38 U.S.C. § 5301 (a)(1). R. at 9-11.

### III. ANALYSIS

The appellant argues that the reduction in compensation and apportionment of his reduced compensation pursuant to 38 C.F.R. § 3.665 (2005) violates 38 U.S.C. §§ 110, 1159, and 5301. VA's interpretation of regulations and statutes are reviewed de novo by the Court. *See Lane v. Principi*, 339 F.3d 1331, 1339 (Fed. Cir. 2003) ("[I]nterpretation of a statute or regulation is a question of law . . . ."); *Butts v. Brown*, 5 Vet.App. 532, 539 (1993) (en banc) (Court reviews "questions of law de novo without any deference to the Board's conclusions of law").

In statutory interpretation, if "the plain meaning of a statute is discernable, that 'plain meaning must be given effect.'" *Johnson v. Brown*, 9 Vet.App. 369, 371 (1996) (quoting *Tallman v. Brown*, 7 Vet.App. 453, 460 (1995)); *see also Brown v. Gardner*, 513 U.S. 115, 119 (1994). "Determining a statute's plain meaning requires examining the specific language at issue and the overall structure of the statute." *Gardner v. Derwinski*, 1 Vet.App. 584, 586 (1991) (citing *Bethesda Hosp. Ass'n v. Bowen*, 485 U.S. 399, 403-05 (1988)), *aff'd sub nom. Gardner v. Brown*, 5 F.3d 1456 (Fed.Cir. 1993), *aff'd*, 513 U.S. 115 (1994). "[W]hen a reviewing court 'find[s] the terms of a statute unambiguous, judicial inquiry is complete except in rare and exceptional circumstances.'" *Smith v. Derwinski*, 2 Vet.App. 429, 431 (1992) (quoting *Demarest v. Manspeaker*, 498 U.S. 184 (1991)). The "plain meaning must be given effect unless a 'literal application of the statute will produce a result demonstrably at odds with the intention of its drafters.'" *Gardner*, 1 Vet.App. at 586-87 (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564 (1982)). "[W]here two statutes are capable of coexistence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Combee v. Brown*, 5 Vet.App. 248, 250 (1993) (citing *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1018 (1984)).

3

A.  Reduction of Benefits

The Secretary first argues that the appellant does not have standing to challenge the reduction of his benefits under this Court's holding in *Belton*.  Secretary's Br. at 8.  In *Belton*, the Court determined that the petitioner, an incarcerated veteran whose benefits were reduced and apportioned to his mother, did not have standing to challenge the termination of his mother's apportionment. *Belton*, 17 Vet.App. at 209.  In denying the petitioner standing, the Court stated that he did not have a "legally significant connection" to the apportioned benefits his mother was receiving because he had no personal stake in the benefits.  *Id*. at 211.  However, *Belton* is distinguishable from the present case in that the petitioner in *Belton* was challenging only the apportionment.  Here, the appellant challenges both the apportionment *and* the precedent reduction in benefits.  Because the holding in *Belton* was limited to the challenge of the apportionment, we see no reason or authority to extend that holding to a challenge of the reduction of compensation payments.  Thus, we find that the appellant does have standing to challenge the reduction of his compensation payments because, as it was his compensation payments that were reduced, as opposed to apportioned benefits arising from his benefits, he has a personal stake in these reduced compensation payments.

Under the statutory scheme, disability compensation benefits are paid to veterans for disabilities that were incurred or aggravated in the military.  *See* 38 U.S.C. §§ 1110, 1131.  However, if a veteran in receipt of compensation benefits is incarcerated for conviction of a felony, these **payments of compensation** are subject to reduction.  38 U.S.C. § 5313(a); 38 C.F.R. § 3.665(a).  "Compensation" is defined, in relevant part, as a "monthly payment made by the Secretary to a veteran because of [a] service-connected disability."  38 U.S.C § 101(13).  The overall purpose of the disability compensation scheme is to compensate veterans "when they have, in honorable service to their nation, suffered a loss that is reflected in the decreased ability to earn a living for themselves and their families."  *Hunt v. Derwinski*, 1 Vet.App. 292, 296 (1991).

In this regard, the term "disability" means "the average impairment in earning capacity resulting from diseases, injuries or their residual conditions."  38 C.F.R. § 4.1 (2005); *see Felden v. West*, 11 Vet.App. 427, 431 (1998).  Congress granted VA authority to develop a schedule to assess the levels of disabilities (the Schedule for Rating Disabilities).  The rating schedule provides degrees of impairment evaluated from 0% to 100% in increments of ten.  38 U.S.C. § 1155.  The disability

percentage ratings, "as far as practicable," are based on the "average impairments of earning capacities resulting from such diseases and injuries in a civilian occupation." 38 U.S.C. § 1155, 38 C.F.R. § 4.1; *see also Holland v. Brown*, 6 Vet.App. 443, 446 (1994). Although Congress delegated the authority to VA to determine the disability ratings associated with particular diseases and injuries, Congress still dictates the amount of money afforded to each disability rating. 38 U.S.C. § 1114.

Under the statutory scheme addressing disability compensation, Congress has provided protection for disabilities that have been rated at or above a particular level for 20 years or more. *See Colayong v. West*, 12 Vet.App. 524 (1999). Section 110 states in pertinent part that "[a] disability which has been continuously **rated** at or above evaluation for twenty or more years for compensation purposes under laws administered by the Secretary shall not thereafter be **rated** at less than such evaluation, except upon a showing that such **rating** was based on fraud." 38 U.S.C. § 110 (emphasis added). Although the terms "rated" and "rating" are not explicitly defined in section 110, the intended meaning of these terms "may be gleaned from reading the statute as a whole and harmonizing the parts into a coherent mandate." *Conary v. Derwinski*, 3 Vet.App. 109, 112 (1992) (Steinberg, J., concurring).

The plain language of the statute makes clear that disabilities ratings that have been in effect continuously for 20 years or more are protected from being reduced to lower disability ratings. Here, it is true that the appellant's 100% disability rating has been in effect since October 1980; however, VA has taken no action to reduce that disability rating.

Similarly, service connection for a disability that has been in force for 10 or more years may not be severed. 38 U.S.C. § 1159. The term "service-connected" is defined by statute as, "with respect to disability or death, . . . such disability was incurred or aggravated . . . in the line of duty in the active military, naval, or air service." 38 U.S.C. § 101 (16). The plain meaning of section 1159 is that one's status of service connection that has been in force for 10 years or more may not be severed. In this case, the appellant's service-connected status has not been severed. Rather, his payment has been reduced to that commensurate with a 10% disability rating. In order for a veteran to receive disability compensation, the disability must be service connected.

The appellant argues that 38 U.S.C. § 1159 prohibits the reduction of his compensation

payments while he is incarcerated. As discussed above, "compensation" is the "monthly payment made by the Secretary to a veteran because of [a] service-connected disability." 38 U.S.C. § 101 (13). The two concepts, severance and reduction of compensation, are intertwined, but plainly distinct.

It is evident that "compensation" is a distinct legal term from both "rating" and "service connection." Though the three terms are closely related to one another, it is obvious that Congress has created a clear distinction between these terms. The plain meaning of sections 110 and 1159 is clear in preventing the reduction of a disability rating and the severance of service connection that have been in force for statutorily prescribed terms, but these statutes cannot be interpreted to apply also to a prohibition of reduction of compensation due to incarceration. These statutory provisions do not address the reduction of compensation, nor does the appellant cite to any law that suggests that these statutory provisions apply to the reduction of compensation. Not only do 38 U.S.C. §§ 110 and 1159 not prohibit the reduction of compensation, but a separate statute also specifically allows for the reduction in compensation payment to incarcerated beneficiaries. *See* 38 U.S.C. § 5313. The statutes address separate concepts, and thus, are all capable of coexistence. *See Combee, supra*. It is therefore the duty of this Court to regard each as effective. *Id*. As such, the appellant's argument that a reduction in compensation is prohibited under 38 U.S.C. §§ 110 and 1159 is not a correct interpretation of the law, and the reduction of the appellant's benefits pursuant to 38 C.F.R. § 3.665 does not abrogate 38 U.S.C. § 110 or 38 U.S.C. § 1159.

## B. Assignment of Benefits

When a veteran's disability compensation has been reduced based on incarceration, all or a part of the reduced compensation may be apportioned to dependents of the veteran. 38 U.S.C. § 5313 (b)(1); 38 C.F.R. § 3.665(e)(1). The appellant argues that the apportionment of his benefits violates the statute governing the nonassignability and exempt status of benefits. According to the appellant, the apportionment is an assignment of his benefits that is precluded under 38 U.S.C. § 5301(a)(1). The Secretary argues that nonassignability under 38 U.S.C. § 5301(a)(1) is subject to exceptions specifically authorized by law, and that apportionment is an exception specifically authorized by law. Therefore, the Secretary states, the apportionment of benefits does not violate the nonassignability statute.

6

The statute relied upon by the appellant for this argument states that "[*p*]*ayments of benefits due or to become due* under any law administered by the Secretary shall not be assignable except to the extent specifically authorized by law." 38 U.S.C. § 5301(a)(1) (emphasis added). Only the payments of benefits due or to become due are subject to this nonassignability provision. *See id.* However, because the appellant's compensation has been properly reduced, the only payments due to him are the payments reduced to the amount commensurate with a 10% disability rating that he is currently receiving. This 10% portion has not been assigned, as he is in full receipt of these benefits. Therefore, there has been no assignment of the appellant's benefits. The argument regarding the assignment of the appellant's benefits is unavailing.

## C. Apportionment of Benefits

Although the appellant does have standing to challenge the purported reduction and severance of his compensation benefits, he does not have standing to challenge the apportionment of benefits, pursuant to this Court's decision in *Belton*, *supra*. As mentioned above, in *Belton*, the mother of an incarcerated veteran was collecting an apportionment of the veteran's benefits. *Belton*, 17 Vet.App. at 209. When she entered a Medicaid-subsidized nursing home with all of her expenses covered by Medicaid, VA terminated her apportionment award. *Id.* at 210-11. The veteran petitioned the Court to reinstate the apportionment award to the mother. *Id.* The Court stated that

> [a]lthough arising from a veteran's benefits, an apportionment is an entity legally separate from those benefits. . . .The petitioner has no legally significant connection to the apportioned benefits; . . .[t]herefore, he does not have a personal stake in the outcome, nor has he shown that he has been adversely affected . . . As such, the petitioner's argument that he has standing lacks merit.

*Belton*, 17 Vet.App. at 211. The same reasoning applies to the present case. Once the reduction of benefits has been authorized, the appellant no longer has a personal stake in the apportioned payments. The appellant cannot demonstrate that he has been adversely affected by the decision to give the apportioned benefits to his dependents when the determination to reduce his compensation payments has already been authorized. Therefore, the appellant does not have standing to challenge the apportionment.

7

## IV.  CONCLUSION

After consideration of the appellant's and the Secretary's briefs, and a review of the record, the Board's May 28, 2004, decision is AFFIRMED.