DAVIS, Judge,
concurring:
While I concur with the judgment of the majority opinion, I write separately to express my disagreement with the majority’s analysis and resolution of Mr. Parrish’s argument that, even if the USB had the authority to make a delegation to the C & P Director to conduct the radiation determination required by 38 C.F.R. § 3.311(c), he never did so. Mr. Parrish argues that there is no evidence in the record that a delegation memorandum designating the C & P Director was executed, as required by VA policy. See II.B.3, ante. The majority states: “it is ... not surprising that a delegation memorandum is not in the record on appeal ... and the simple fact that such a memorandum is not in the record fails to overcome the presumption that government officials generally discharge their duties in accordance with the law and governing regulations.” Ante at 398.
“There is a presumption of regularity under which it is presumed that government officials ‘have properly discharged their official duties.’ ” Ashley v. Derwinski, 2 Vet.App. 307, 308 (1992) (quoting United States v. Chem. Found., Inc., 272 U.S. 1, 47 S.Ct. 1, 71 L.Ed. 131 (1926)). *403 “However, ‘[t]he presumption of regularity is not absolute; it may be rebutted by the submission of clear evidence to the contrary.’ ” Jones (Raymond) v. West, 12 Vet.App. 98, 100 (1998) (quoting Ashley, 2 Vet.App. at 309) (alteration in original).
My problem with the majority’s analysis is the leap the majority takes in applying the presumption of regularity to the delegation area — an area that is a bit more involved than simply performing a procedural or ministerial act. Significantly, in previous decisions, this Court has applied the presumption of regularity to issues primarily involving the delivery or receipt of mail, which are procedural and ministerial acts. In Marsh v. Nicholson, the Court recounted that it had
applied the presumption of regularity to processes and procedures throughout the VA administrative process. See, e.g., Crain v. Principi, 17 Vet.App. 182, 186 (2003) (applying the presumption of regularity to RO’s mailing of a Statement of the Case to a veteran); Redding v. West, 13 Vet.App. 512, 515 (2000) (applying the presumption of regularity as to whether RO received the veteran’s power of attorney); Baldwin v. West, 13 Vet.App. 1, 5-6 (1999) (applying the presumption of regularity as to whether RO examined and considered service medical records); Schoolman v. West, 12 Vet.App. 307, 310 (1999) (applying the presumption of regularity as to whether RO sent to claimant the application form for dependency and indemnity compensation); Davis [v. Brown], 7 Vet.App. [298,] 300 [(1994)] (applying the presumption of regularity to the Board’s mailing of a copy of a Board decision to a veteran); Mindenhall [v. Brown], 7 Vet.App. [271,] 274 [ (1994) ] (applying the presumption of regularity to a RO’s mailing of a VA decision to a veteran). 19 Vet.App. 381, 385 (2005). More recently, the Court has applied the presumption of regularity to issues involving mailings or filings in Kyhn v. Shinseki, 24 Vet.App. 228 (2011); Fithian v. Shinseki, 24 Vet.App. 146 (2010); Posey v. Shinseki, 23 Vet.App. 406 (2010); Irwin v. Shinseki, 23 Vet.App. 128 (2009); and Clarke v. Nicholson, 21 Vet.App. 130 (2007).
Here, the majority seeks to extend the presumption of regularity in a manner that would require Mr. Parrish to (1) realize that a document he did not know existed actually did exist, (2) search files maintained by VA for that document, and (3) obtain the document. Moreover, the document at issue here, a delegation of authority, is a document that VA would both initiate and have total control over creating, not Mr. Parrish. For the majority to imply that Mr. Parrish somehow failed to produce a delegation document shifts the burden from the Secretary, who is in the best position to produce evidence of the existence of a delegation, to the appellant — the person in the worst position to produce such a delegation document.
In Johnson (L.E.) v. Shinseki, 23 Vet.App. 344 (2010), Judge Hagel wrote a concurring opinion addressing a similar conundrum, where, in order to rebut the presumption of regularity, the veteran needed evidence that “remainfed] exclusively in VA’s control.” 23 Vet.App. at 350 (Hagel, J., concurring). Judge Hagel wrote that this created “an unduly onerous path for a veteran to rebut the presumption of regularity.” Id. He continued: “In practice, requiring a veteran to navigate the VA administrative system to which he has no access to find out whether [documents were transmitted in a regular manner according to procedure] would transform the rebuttable presumption of regularity into an essentially irrebuttable presumption.” Id. Just as Judge Hagel *404 was not willing to extend the presumption of regularity in Johnson, I am not willing to extend the presumption of regularity to such a point in this case.
Alternatively, in order to comply with the majority’s stance, Mr. Parrish could have (1) recognized that a delegation of authority could have allowed the USB to comply with the statute and that a designation was not contained in the record and (2) called this deficiency to the Court’s and the Secretary’s attention in his initial brief. The Secretary could have then searched VA’s files and provided the delegation memorandum or responded in his brief that a designation had been made from the. USB to the C & P Director in a format other than a delegation memorandum.
In his initial brief, Mr. Parrish specifically argued that “[njothing in [§ ] 3.311 provides that the USB may delegate this responsibility to the C & P Director” (Appellant’s Brief at 7) and that “the Secretary cites nothing in the record indicating that the USB delegated his responsibility under section 3.311(c) to the C & P Director in this case” (Appellant’s Reply Brief at 4) (emphasis in original).
Yet the Secretary, in his response, merely cited to 38 C.F.R. § 3.100 and stated that the USB “has the general authority to designate supervisory personnel of [VA] to make findings under applicable law and regulations,” and that the C & P Director reports directly to the USB. Secretary’s Brief at 6. The Secretary’s brief would have been the appropriate time to point the Court’s and Mr. Parrish’s attention to the applicable provision of the M21-MR, which effectively designates the C & P Director to exercise the authority delegated in § 3.100(a). It would have also been appropriate and in compliance with Rule 30 of the Court’s Rules of Practice and Procedure for the Secretary to file a letter of supplemental authority with the Court citing this pertinent and significant authority if it were newly-discovered after his briefs were filed. (However, if VA’s procedure truly has been so clear cut and the delegation so long standing, surely the Secretary should have presented the argument to the Court at the first possible opportunity, rather than the last.) Yet the Court notes that it was only at oral argument that the Secretary argued that the M21-MR provision constitutes a delegation of the USB’s authority in accordance with § 3.100(a). For the majority to conclude that Mr. Parrish should have obtained the document in order to rebut the presumption of authority — when the Secretary could not be bothered to provide it to the Court until oral argument — is truly placing an undue burden on the appellant.