Citation Nr: 1546202 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 09-08 395 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to service connection for bilateral hearing loss.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

J. Smith, Counsel


INTRODUCTION

The Veteran served on active duty from February 1961 to January 1965.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a September 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas.

In July 2013, the Veteran testified before the undersigned during a hearing at the RO. A transcript of the hearing is included in the electronic claims file. The undersigned noted the issue on appeal and engaged in a colloquy with the Veteran toward substantiation of the claim. See Bryant v. Shinseki, 23 Vet. App. 488, 496-97 (2010). 

In December 2013, the Board denied the claim for hearing loss, as well as a claim for a total disability rating based on individual unemployability (TDIU). In January 2014, the Veteran requested reconsideration of the decision. In April 2014, the Board granted the Veteran's request and vacated the prior decision.

In May 2014, the Board again denied the claim for hearing loss and a TDIU. The Veteran appealed the Board's decision on the claim for hearing loss to the United States Court of Appeals for Veterans Claims (Court). 

In May 2015, the Court vacated the May 2014 Board decision on the claim for service connection for hearing loss, and remanded the matter to the Board for development consistent with the parties' Joint Motion for Remand (Joint Motion). As the Veteran abandoned his appeal of the TDIU claim, the Court did not address that claim.

The Board reviewed the Veteran's electronic records (Virtual VA and Veterans Benefits Management System (VBMS)) prior to rendering a decision.



FINDING OF FACT

Bilateral hearing loss is related to service.


CONCLUSION OF LAW

The criteria for the establishment of entitlement to service connection for bilateral hearing loss have been met. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 1131, 1154, 5107 (West 2014); 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309 (2015).


REASONS AND BASES FOR FINDING AND CONCLUSION


Duty to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) describes VA's duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2015). Given the favorable disposition of the claim for service connection for bilateral hearing loss, all notification and development actions needed to fairly adjudicate this claim have been accomplished.

Analysis

Service connection may be established for disability resulting from personal injury suffered or disease contracted in the line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty, in the active military, naval, or air service. 38 U.S.C.A. §§ 1110, 1131. Service connection may also be granted for any disease diagnosed after discharge when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

The standard of proof to be applied in decisions on claims for Veterans' benefits is set forth at 38 U.S.C.A. § 5107. A claimant is entitled to the benefit of the doubt when there is an approximate balance of positive and negative evidence. See 38 C.F.R. § 3.102. When a claimant seeks benefits and the evidence is in relative equipoise, the claimant prevails. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990). The preponderance of the evidence must be against the claim for benefits to be denied. See Alemany v. Brown, 9 Vet. App. 518 (1996). 

The Veteran has a current diagnosis of bilateral hearing loss, as defined by VA. 38 C.F.R. § 3.385; August 2007 VA examination report.

As determined by the Board in May 2014, the Veteran's claimed acoustic trauma is consistent with the places, types, and circumstances of his service. 38 U.S.C.A. § 1154(a) ; 38 C.F.R. § 3.303(a). The Veteran's DD Form 214 shows that his military occupational specialty (MOS) was an engine mechanic. In this position, he was exposed to the noise of jet engines and flight lines for more than thirty months. See Veteran's March 2007 statement.

On the question of whether the appellant's in-service symptomatology is etiologically related to his current disability, the record conflicting opinions. 

In support of the claim is a July 2013 private audiologist's report. The audiologist 
examined the Veteran, conducted appropriate diagnostic tests, and obtained the Veteran's medical history. She opined that based on the Veteran's in-service duties as a jet mechanic, his current hearing loss was at least as likely as not related to the acoustic trauma incurred during military service.

Against the claim is the opinion of an August 2007 VA examiner. The examiner examined the Veteran, conducted appropriate diagnostic tests, and reviewed the claims file. She opined that due to the Veteran's post-service work as a machinist and carpenter, and normal hearing at separation, his hearing loss was more than likely attributable to these post- service occupations and not to military noise exposure. She further opined however, that the Veteran's tinnitus was related to military service given his in-service duties as a jet aircraft mechanic and his statement that he did not have tinnitus prior to the military. 

In considering the evidence under the laws and regulations as set forth above, and resolving all reasonable doubt in his favor, the Board concludes that the Veteran is entitled to service connection for his bilateral hearing loss.

The probative value of the August 2007 report is diminished by the fact that the examiner did not adequately address why the Veteran's hearing loss could not have been caused by military noise exposure, even with the normal separation examination. As noted by the Court, the examiner did not discuss the auditory threshold shifts documented on separation as compared with the measurements obtained on entry, and did not account for the Veteran's lay statements regarding continuity of symptomatology. The opinion is also internally inconsistent to the extent that the examiner attributed hearing loss to post-service noise exposure, but tinnitus to acoustic trauma in the military based on the same facts of in-service and post-service noise exposures. In explanation, the examiner pointed out that the Veteran did not have tinnitus before the military, but similarly, there is no indication that he had hearing loss before the military either. Also, just has his hearing was reported as normal on separation, so too were his ears overall, and tinnitus was not documented.

By contrast, the July 2013 provider linked the Veteran's current bilateral hearing loss to service based on the Veteran's credible report of in-service symptoms and activities. The fact that the July 2013 audiologist did not found her opinion based on a review of the claims file is not dispositive since her opinion is nonetheless based on an accurate factual predicate. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008) (holding, a medical opinion may not be discounted solely because the examiner did not review the claims file). 

The Board previously found that the Veteran was not credible. However, as noted by the Court in May 2015, this finding was based, in part, on a December 1968 pre-separation examination in which the Veteran reported that he did not have ear, nose, or throat trouble, running ears, or hearing loss. As the Veteran was discharged in January 1965, not December 1968, and the Board's previous finding is not supported by his actual service records, this finding was deemed inadequate. Moreover, despite the testimony cited in the May 2014 decision, by which the Veteran may have meant to state that he was unaware he had actual hearing loss until 2007, more than that he had no symptoms until then, he has otherwise credibly claimed to have symptoms during and since military noise exposure. See, e.g., Hearing Transcript, p. 3, 5; January 2007 VA Form 21-526, March 2007 VA Form 21-4138; October 2007 VA Form 21-4138. As the Board finds the Veteran credible, the July 2013 audiologist's reliance on his statements in the absence of reviewing the record is not harmful to the claim, and the August 2007 VA examiner's neglect of his statements diminishes the probative value of the opinion. See Dalton v. Nicholson, 21 Vet. App. 23, 39 (2007).

While further rationale for the July 2013 opinion would have been helpful, and a further remand for an additional medical opinion could be accomplished, this is not required to adjudicate the claim. See Mariano v. Principi, 17 Vet. App. 305, 312 (2003) (cautioning VA against seeking a medical opinion where favorable evidence is unrefuted). The evidence is in relative equipoise in showing that the Veteran has bilateral hearing loss which is as likely as not due to active service. In resolving any reasonable doubt in the Veteran's favor, service connection is warranted. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; see also Fagan v. Shinseki, 573 F.3d 1282, 1287 (Fed. Cir. 2009). 

The Board expresses no opinion regarding the severity of the bilateral hearing loss. The RO will assign an appropriate disability rating and effective date on receipt of this decision, based on application of all regulations, including application of the Schedule for Rating Disabilities, the anti-pyramiding provisions, and other law. Ferenc v. Nicholson, 20 Vet. App. 58 (2006) (discussing the distinction in the terms "compensation," "rating," and "service connection" as although related, each having a distinct meaning as specified by Congress).




ORDER

Service connection for bilateral hearing loss is granted.




____________________________________________
VITO A. CLEMENTI
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs