**Roy L. HALL, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 92–532.

United States Court of Veterans Appeals.

July 20, 1993.

Roy L. Hall, pro se.

James A. Endicott, Gen. Counsel, Norman G. Cooper, Acting Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Karen P. Galla, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and MANKIN and IVERS, Judges.

IVERS, Judge:

Roy L. Hall appeals from a March 3, 1992, Board of Veterans' Appeals (BVA or Board) decision which denied his request to discontinue the apportionment of $167.00 per month of his improved disability pension benefits on behalf of his minor child. The Court has jurisdiction of the case under 38 U.S.C.A. § 7252(a) (West 1991). For the reasons stated below, we affirm the decision of the BVA.

## I. FACTS

The veteran served in the United States Army from December 1952 to November 1954. R. at 16. In March 1986, the veteran applied for compensation or pension to the Veterans' Administration (now Department of Veterans Affairs) (VA). R. at 17–20. In his application materials, he indicated that he was divorced from his wife, Mary, in 1980, and that their child, Pamela, was in Mary's custody. R. at 18, 21, 24–25. In a rating decision dated October 30, 1986, a Regional Office (RO) granted the veteran a permanent and total disability rating for pension purposes. R. at 23. In a letter from the VA dated January 22, 1987, the veteran was notified that he had been granted pension benefits and that an additional amount had been included in his award on behalf of his dependent child. R. at 29.

Beginning in January 1987 and continuing over the course of several months, Mary Hall sought an apportionment of the veteran's pension benefits, stating that she was receiving no financial help from the veteran for their daughter. R. at 30, 51, 60. In a Special Apportionment Decision dated February 13, 1989, the RO granted an apportionment of the veteran's benefits to Mary Hall for the veteran's dependent child. R. at 118. On February 20, 1990, the veteran requested that the apportionment be discontinued, stating that he would provide for his daughter's needs if the additional pension amount for his dependent child were paid to him rather than to his former wife. R. at 194. On April 18, 1990, the RO denied the veteran's re-

quest to discontinue the apportionment. R. at 201–02. On April 25, 1990, the RO received a Notice of Disagreement (NOD) with this determination from the veteran. R. at 203. In his NOD, the veteran noted, "My claim is for hardship." *Id.* On May 11, 1990, a Statement of the Case was issued (R. at 203–08), and on May 21, 1990, the veteran submitted his VA Form 1–9 substantive appeal. R. at 209–10. On April 9, 1991, the BVA returned the veteran's claims file to the RO for a personal hearing, which the veteran had requested. R. at 228. The Board stated that should the veteran's claim continued to be denied after the hearing, the RO would return the case to the BVA for appellate review.

The veteran's case was returned to the Board and it denied the veteran's appeal on March 3, 1992. The veteran submitted a timely appeal to this Court.

## II. ANALYSIS

Section 5307 of title 38, United States Code Annotated, regarding the apportionment of benefits provides in pertinent part:

(a) All or any part of the compensation, pension, or emergency officers' retirement pay payable on account of any veteran may—

. . . .

(2) if the veteran is not living with the veteran's spouse, or if the veteran's children are not in the custody of the veteran, be apportioned as may be prescribed by the Secretary [of Veterans Affairs].

38 U.S.C.A. § 5307(a)(2) (West 1991). Section 3.450(a)(1)(ii) of title 38 of the regulations further provides for such apportionment "if . . . the veteran is not reasonably discharging his or her responsibility for the . . . children's support." 38 C.F.R. § 3.450(a)(1)(ii) (1992). Section 3.451 of the regulations provides in pertinent part,

Without regard to any other provision regarding apportionment where hardship is shown to exist, pension . . . may be specially apportioned between the veteran and his or her dependents . . . on the basis of the facts in the individual case

as long as it does not cause undue hardship to the other persons in interest. . . .

38 C.F.R. § 3.451 (1992).

In denying the veteran's request that the apportionment of his pension be discontinued, the BVA stated, "Since Pamela does not reside with the veteran and since he does not otherwise contribute to her support, we find that apportionment of a share of his pension benefits on her behalf is warranted." *Roy L. Hall*, BVA 92–04770, at 3 (Mar. 3, 1992). With regard to the veteran's claim of hardship, the Board noted,

Since we are not deciding this claim under the special apportionment provisions of 38 C.F.R. § 3.451, it is not incumbent upon the appellee to establish hardship. We also note that since the amount of the apportionment is less than the current amount of the additional benefit that the veteran receives because of having a dependent child, an apportionment of that amount cannot cause hardship on the veteran.

*Id.*

The Court must affirm the factual findings of the BVA unless the determinations are "clearly erroneous." *Gilbert v. Derwinski*, 1 Vet.App. 49, 52–53 (1990). "[I]f there is a 'plausible' basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, we cannot overturn them." *Id.* at 53. The Court concludes that there is a plausible basis in the record for the Board's determinations in this case and that appellant has not demonstrated that the Board committed either factual or legal error which would warrant reversal.

## III. CONCLUSION

For the reasons stated above, the March 3, 1992, decision of the BVA is AFFIRMED.