# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-624

VERNETTA M. MARRERO, APPELLANT,

V.

HERSHEL W. GOBER,
ACTING SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before IVERS, STEINBERG, and GREENE, *Judges.*

## O R D E R

The pro se appellant appeals, on behalf of herself and her adult daughter, an April 6, 1999, decision of the Board of Veterans' Appeals (BVA or Board) that denied entitlement to retroactive apportionment of pension benefits that had been paid to the veteran while he was her husband and after their divorce. Record (R.) at 12. The appellant filed an informal brief, the Secretary filed a brief, and the appellant filed a reply to the Secretary's brief. This appeal is timely, and the Court has jurisdiction over the case pursuant to 38 U.S.C. § 7252(a). For the reasons set forth below, the Court will affirm the Board's decision.

The veteran served on active duty in the U.S. Marine Corps from January 27 to May 12, 1970. R. at 84. He was discharged as unsuitable for service due to a personality disorder. *Id.* The veteran and the appellant were married in September 1974, had a child in 1976, and were divorced in February 1978. R. at 189-90, 192-95. In a September 24, 1980, rating decision, the regional office (RO) awarded disability pension benefits to the veteran. R. at 141-42. In an Income Net Worth and Employment Statement, dated September 9, 1980, the veteran indicated that he was married and had fathered one child, but was separated or estranged from his wife, who lived in Indianapolis, Indiana, with the child. R. at 138. Following the RO's award of pension benefits, on May 20, 1982, the veteran notified VA that he had been receiving benefits for both him and his daughter, but due to his inability to locate her, requested that her portion be discontinued so as to avoid receiving overpayments. R. at 232. On February 13, 1987, the veteran died. R. at 179. The veteran's mother, Gloria Bermudez, submitted an application for burial benefits in which she indicated that the veteran was married to "Bernetta Martin" (misspelling "Vernetta"), at the time of his death, and had fathered one child. R. at 173.

On November 20, 1992, the appellant submitted a letter to VA requesting, for the first time, retroactive benefits from the time of the veteran's death. R. at 182-85. She argued that the veteran had not paid child support subsequent to their divorce and that they had been cheated out of their portion of the veteran's monthly pension, and his life insurance, due to VA's neglect. R. at 183.

## A. Apportionment

Determining whether the appellant filed a timely claim for apportionment requires an application of the law to the facts of this case. This Court reviews the Board's application of the law to the facts under the deferential standard of review articulated in 38 U.S.C. § 7261(a)(3)(A). *See Butts v. Brown*, 5 Vet.App. 532, 538-40 (1993) (en banc). Specifically, a Board decision that results from an application of the law to the facts will not be set aside by the Court unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 38 U.S.C. § 7261(a)(3)(A).

Pursuant to 38 C.F.R. § 3.450(a)(1)(ii) (1999), a veteran's pension is subject to apportionment "[i]f the veteran is not residing with his . . . spouse, or if the veteran's children are not residing with the veteran and the veteran is not reasonably discharging his . . . responsibility for the spouse's or children's support." *See Hall v. Brown*, 5 Vet.App. 294 (1993); 38 U.S.C. § 5307(a)(2). Similarly, 38 C.F.R. § 3.452(a) (1999) provides that a veteran's pension is apportionable "[i]f the veteran is not residing with his . . . spouse or his . . . children and a claim for apportionment is filed for or on behalf of the spouse or children." However, the veteran's pension cannot be apportioned until the estranged spouse files a claim for apportionment. 38 C.F.R. § 3.458(g) (1999). Section 3.458(g) states: "If there are any children of the veteran not in his . . . custody an apportionment will not be authorized unless and until a claim for an apportioned share is filed" on behalf of the estranged spouse and the child.

In this case, the veteran and the appellant were divorced two years prior to the veteran's award of pension benefits. R. at 189-90, 192-95. Hence, the appellant was not the veteran's "spouse" at any time during the veteran's receipt of pension benefits (*see* 38 U.S.C. § 101(31)) ("The term 'spouse' means a person of the opposite sex who is a wife or husband."). Therefore, the appellant is not eligible for apportionment. *See Colon v. Brown*, 9 Vet.App. 104, 106-07 (1996) (claimant to provide proof of marital status with veteran). As for the veteran's child, the appellant did not file a claim for apportionment on the child's behalf until November 20, 1992. R. at 182-85. Due to the veteran's death in February 1987, which ended his receipt of VA pension benefits, no pension amount is available for apportionment. Thus, the veteran's child was eligible for apportionment at the time that the appellant filed a claim on her behalf (*see* 38 C.F.R. § 3.458(g)), but her claim was not timely relative to the veteran's death. Furthermore, even if the appellant had filed a claim on behalf of the veteran's child prior to his death, and apportionment had been awarded, the veteran's child would have become ineligible for such compensation at the time of either the veteran's death or upon reaching majority. Since both of these conditions have transpired, the issue of the veteran's daughter's eligibility for apportionment is moot.

In the attachment to her informal brief, the appellant argues that her failure to file a claim during the veteran's lifetime was caused by VA neglect. Attachment at 1. She asserts that VA erred in its failure to utilize the Federal Parents Locator Service, pursuant to 45 C.F.R. § 3.303, and send her appropriate forms so that she could file a timely claim for apportionment. Attachment at 14.

This Court disagrees and reiterates that at no point during the veteran's receipt of pension benefits was the appellant the veteran's "spouse" so as to be eligible for apportionment. *See* 38 C.F.R. §§ 3.450(a)(1)(ii) and 3.452(a). As for the veteran's child, to the extent that the appellant argues that VA failed to assist her in filing a claim for apportionment on her daughter's behalf, no such duty exist until a well-grounded, that is plausible, claim has been filed. *See* 38 U.S.C. § 5107(a); *Epps v. Gober*, 126 F.3d 1464, 1469 (Fed. Cir. 1997). Furthermore, pursuant to title 38 of the United States Code and the Code of Federal Regulations by which VA is bound, VA was under no obligation to locate the appellant and send her the appropriate apportionment claim forms so that she could have filed a claim on her daughter's behalf. *See* 38 C.F.R. § 3.150(a) (1999) ("Upon request made in person or in writing by any person applying for benefits under the laws administered by [VA], the appropriate application form will be furnished.").

The Court holds that the appellant has not demonstrated that the Board committed either legal or factual error that would warrant reversal or remand. The Court is satisfied that the Board decision fulfills the "reasons or bases" requirements of section 7104(d)(1) of title 38, United States Code (*see Gilbert v. Derwinski*, 1 Vet.App. 49, 56-57 (1990)), and is not "arbitrary, capricious, and an abuse of discretion, or otherwise not in accordance with law." 38 U.S.C. § 7261(a)(3)(A); *Butts,* 5 Vet.App. at 538-39; *Russell v. Principi*, 3 Vet.App. 310, 315 (1992) (en banc).

With respect to the additional arguments regarding apportionment raised by the appellant in her briefs, this Court has reviewed them and finds them to be without merit.

## B. Damages

Based upon her allegations of "willful negligence perpetrated by the [VA] and the intentional infliction of emotional distress and 22 years of concealment and inactivity to correct their errors," the appellant requests that this Court award $10,000,000 in damages. Appellant's Informal Brief, attachment at 23. Furthermore, the appellant explains that this amount includes damages for "pain and suffering, wrongful and willful acts, punitive/exemplary, compensatory, pecuniary, consortium, and child abuse." *Id*.

This Court's jurisdiction is limited to the review of final Board decisions. 38 U.S.C. § 7252(a). In *Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir. 1998) (quoting 38 U.S.C. § 7252(a)), the United States Court of Appeals for the Federal Circuit held that this Court's jurisdiction is limited to the "power to affirm, modify, or reverse a decision of the Board or to remand the matter as appropriate." This Court does not have jurisdiction to award the monetary damages requested by the appellant. *See Simington v. West*, 11 Vet.App. 41, 45 (1998).

On consideration of the foregoing, it is

ORDERED that the April 6, 1999, Board decision is AFFIRMED.

DATED:   August 30, 2000                                          PER CURIAM.

STEINBERG, *Judge*, concurring: I write separately to stress that to the extent that the Board of Veterans' Appeals' (Board) denial of the appellant's child's claim for apportionment may have been intended as a broad determination that there is no basis ***in law*** for the Department of Veterans Affairs ***ever*** to make retroactive payment pursuant to a claim for apportionment, the Court's action today does not address that broad question; rather, we affirm the Board's decision that ***on the facts of this case*** "there is no basis for making a retroactive payment." R. at 10; *cf.* 38 C.F.R. § 3.400(e) (1999) (effective date of "[o]riginal" claim for "[*a*]*pportionment*" shall be set "in accordance with the facts found").