Citation Nr: 1452685 
Decision Date: 11/28/14 Archive Date: 12/02/14

DOCKET NO. 11-02 249 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUE

Propriety of an apportionment of VA compensation benefits granted on behalf of the veteran's three children in the custody of his former spouse while qualifying as dependent children of the veteran.


REPRESENTATION

Appellant represented by: Illinois Department of Veterans Affairs


ATTORNEY FOR THE BOARD

Christopher Murray, Counsel






INTRODUCTION

The Veteran had active military service from April 1997 to September 1997.

This case comes before the Board of Veterans' Appeals (Board) on appeal of a March 2008 special apportionment decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Chicago, Illinois.


FINDINGS OF FACT

1. Throughout the appeal period, the Veteran has lived apart from his minor children and has not been reasonably discharging his responsibility for his minor children's support.

2. The Veteran is in receipt of additional VA benefits based on his children's dependency and has not shown to be forwarding the additional benefits to his minor children or their legal guardian.

3. The March 2008 Special Apportionment decision awarded an apportionment of the Veteran's VA compensation benefits on behalf of the Veteran's three minor children in the total amount of $300 a month effective January 2008.

4. The March 2008 apportionment award was based upon a calculation that the legal guardian of the Veteran's three children was facing financial hardship; her monthly expenses exceeded her monthly income by $460.

5. An apportionment of $300 does not cause the Veteran and other persons of interest undue financial hardship.




CONCLUSION OF LAW

The apportionment of the veteran's VA compensation benefits on behalf of his three children in the custody of his former spouse while qualifying as dependent children for VA purposes was warranted, and did not result in undue hardship to the veteran. 38 U.S.C.A. §§ 101(3) 5307(a) (West 2002); 38 C.F.R. §§ 3.50(c) , 3.450, 3.451, 3.452 (2013).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

This appeal concerns a benefit provided under chapter 53 of title 38, United States Code. The rules governing VA notice and assistance upon receipt of a claim for benefits as outlined in 38 U.S.C.A. §§ 5103, 5103A and 38 C.F.R. § 3.159 do not apply to claims for benefits provided under chapters other than chapter 51. See Sims v. Nicholson, 19 Vet. App. 453, 456 (2006). However, VA regulations include special procedural requirements for simultaneously contested claims, such as a claim for apportionment. See 38 C.F.R. §§ 19.100, 19.101, and 19.102. 

Upon the filing of a notice of disagreement (NOD) in a simultaneously contested claim, all interested parties and their representatives will be furnished a copy of the statement of the case (SOC). 38 C.F.R. § 19.101. When a substantive appeal is filed in a simultaneously contested claim, the content of the substantive appeal will be furnished to the other contesting parties to the extent that it contains information, which could directly affect the payment or potential payment of benefit, which is subject of the contested claim. 38 U.S.C.A. § 7105A, 38 C.F.R. § 19.102. 

In this case, the Veteran filed a NOD in April 2008. In response to the NOD, the RO issued an SOC to the Veteran and provided a copy to J.H. The Veteran filed a substantive appeal in January 2011. In compliance with a February 2014 Board remand, J.H. was provided the contents of the Veteran's substantive appeal in March 2014.

Analysis

The appellant filed a claim for entitlement to apportionment of the Veteran's benefits on behalf of their minor children. She essentially contends that she experiences hardship in the absence of apportionment and the Veteran is not reasonably discharging his responsibility for the children's support. In a March 2008 apportionment decision, the RO determined an apportionment amount of $100 per month per child, or $300 per month total, is warranted. In his substantive appeal, the Veteran stated that he does not dispute the overall propriety of an apportionment, but rather the amount awarded.

When a Veteran is not residing with his or her spouse, or when a Veteran's dependent children are not in his or her custody, all or any part of the compensation benefits payable may be apportioned as may be prescribed by the Secretary. 38 U.S.C.A. § 5307. VA regulations provide for two types of apportionments. A general apportionment may be paid under the circumstances set forth in 38 C.F.R. § 3.450. More specifically, 38 C.F.R. § 3.450(a)(1)(ii) provides that an apportionment may be paid if the Veteran is not living with his or her spouse, or when the Veteran's child is not in the Veteran's custody and the Veteran is not reasonably discharging his responsibility for the spouse's or child's support. 

It is not necessary for the appellant to establish the existence of hardship in order to obtain an apportionment under 38 C.F.R. § 3.450. Hall v. Brown, 5 Vet. App. 294 (1993). However, an apportionment of benefits under 38 C.F.R. § 3.450 may not cause undue financial hardship on the Veteran. See 38 C.F.R. § 3.451 (2014).

The second type of apportionment is a special apportionment, which may be paid under the circumstances set forth in 38 C.F.R. § 3.451. That regulation provides that, without regard to any other provision regarding apportionment, where hardship is shown to exist, compensation benefits payable may be apportioned between the Veteran and his or her dependents on the basis of the facts of the individual case, as long as it does not cause undue hardship to the other persons in interest. In determining the basis for special apportionment, consideration is to be given to such factors as the amount of VA benefits payable, other income and resources of the Veteran and those dependents on whose behalf the apportionment is claimed, and the special needs of the Veteran, his or her dependents, and the apportionment claimants. Apportionment of more than 50 percent of the Veteran's benefits is ordinarily considered to constitute undue hardship on him or her; but apportionment of less than 20 percent of his or her benefits is ordinarily considered insufficient to constitute a reasonable basis for any apportionee. 38 C.F.R. § 3.451. 

The benefit-of-the-doubt rule is not for application in a contested claim such as this case because the benefit of the doubt cannot be given to both the Veteran and the contesting party simultaneously. Elias v. Brown, 10 Vet. App. 259, 263 (1997).

The record indicates that, at the time J.H. filed a claim for apportionment, the Veteran lived apart from his minor children, over whom she is guardian. At the time, the Veteran was in receipt of a disability evaluation of 40 percent with an award of additional benefits for his minor children. According to the record, the Veteran's VA disability benefits represents his only income which, at the time of the apportionment decision, equaled $662 per month. His reported expenses, including rent, utilities and other necessities, totaled $680 per month. See April 2010 VA Form 21-0788. Comparing the Veteran's total expenses reported to his total monthly income reveals that he had a monthly shortfall in the calculated amount of $18 per month.

J.H. has reported her own financial hardship. A January 2008 financial status report shows J.H.'s monthly expenses exceeds her monthly income by approximately $460. See January 2008 VA Form 21-0788. 

As discussed above, the Veteran does not dispute that an apportionment is warranted on behalf of his minor children. The central issue for the Board's consideration is therefore whether the amount awarded by the RO of $100 per month per minor child would cause an undue hardship on the Veteran. 

Initially, the Board observes the Veteran is in receipt of additional VA benefits based on the dependency of his minor children. The Veteran concedes an apportionment is appropriate; however, he disputes the amount. See January 2011 substantive appeal ("I think it is only proper that [J.H.] receive the amount that VA pays me per child added to my benefits...").

In light of the lack of objective evidence that the veteran "reasonably discharged his responsibly" to support his children during the time in question, and the fact that the argument submitted by the Veteran centers on the financial harm to the Veteran of the apportionment in question, the dispute must turn upon whether the RO's apportionment of the veteran's compensation resulted in undue hardship to him. In this regard, the Board notes that the amount of the apportionment is to be determined based upon the facts of each case, with consideration given to whether undue hardship is present. 38 C.F.R. § 3.451. In making this determination, consideration is given to such factors as the amount of VA benefits payable to the veteran, the veteran's other sources of income, the other sources of income available to the recipients of the apportionment, and the special needs of the veteran, his dependents, and the apportionees. Id. Ordinarily, apportionment of more than 50 percent of the veteran's benefits would constitute undue hardship for him, while apportioning less than 20 percent of his benefits would not provide a reasonable benefit for an apportionee. Id. 

In assessing the "financial hardship" to the veteran as a result of the apportionment, the Board finds insufficient evidence to conclude that the apportionment has resulted in undue financial hardship, and emphasizes that the veteran's VA compensation benefits have included additional money intended to reflect the additional expenses of dependents. The total value of apportionment is more than 20 percent but less than 50 percent. Hardship contemplates an inability to pay for essentials such as clothing, shelter, or medical expenses. Such deprivations are not shown in this case.

Thus, given the evident failure of the veteran to utilize benefits intended for his dependents for their well-being and the strained financial picture reported by J.H. the mother of the veteran's children, the Board finds the March 2008 Special Apportionment decision was valid. 



ORDER

The apportionment award based on the dependency of the Veteran's three minor children is proper.




____________________________________________
K. PARAKKAL
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs