﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 190913-32434
DATE: October 30, 2020

ORDER

Termination of the apportionment of the Veteran’s compensation benefits, effective February 1, 2019 was improper; and reinstatement and an increased apportionment to the appellant, in the amount of dependency benefits received for a spouse, is granted. 

FINDINGS OF FACT

1. The appellant is the Veteran’s estranged spouse.

2. A May 2007 decision granted an apportionment of the Veteran’s VA compensation benefits to the appellant, which amounted to $65.00 per month for the period on appeal.

3. In April 2019, the RO terminated the appellant’s entitlement to apportionment of the Veteran’s compensation benefits, effective February 1, 2019, based upon inaccurate evidence that the parties were divorced. 

4. The evidence of record does not reflect that the parties are officially divorced; thus, the termination of apportionment was improper.

5. An increased apportionment of the Veteran’s VA benefits, in the amount of the dependency benefits received for the appellant, would not create an undue financial hardship to the Veteran. 

CONCLUSIONS OF LAW

1. The criteria are met for reinstatement of the apportionment of the Veteran’s VA compensation benefits, effective February 1, 2019. 38 U.S.C. §§ 101, 5307; 38 C.F.R. §§ 3.1, 3.50, 3.205, 3.206, 3.450, 3.451, 3.452, 3.458. 

2. The criteria for an increased apportionment in the amount of the dependency benefits received for the appellant have been met. 38 U.S.C. § 5307; 38 C.F.R. §§ 3.450, 3.451, 3.452, 3.453, 3.458, 3.503, 3.667. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from August 1989 to May 1996. The appellant is the Veteran’s estranged spouse.

This matter comes to the Board of Veterans’ Appeals (Board) on appeal from an April 2019 decision issued by the Department of Veterans Affairs (VA) Regional Office (RO), which denied the appellant’s claim for an increased apportionment and terminated the apportionment of the Veteran’s compensation benefits to the appellant. The appellant selected direct review by a Veterans Law Judge of the April 2019 decision.

The parties submitted evidence during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. 

Termination of the apportionment of the Veteran’s compensation benefits, effective February 1, 2019 was improper; reinstatement and an increased apportionment to the appellant, in the amount of dependency benefits received for a spouse, is granted. 

The appellant seeks reinstatement, as well as an increase, of the apportionment of the Veteran’s VA compensation benefits awarded to her in May 2007. The apportionment was terminated in April 2019 based upon inaccurate evidence that the parties were divorced. 

VA regulations provide for two types of apportionments. A “general” apportionment may be paid under the circumstances set forth in 38 C.F.R. § 3.450. Specifically, the law provides that all or any part of the Veteran’s VA compensation benefits may be apportioned if the Veteran is not residing with his or her spouse or children, and the Veteran is not reasonably discharging his or her responsibility for the support of the spouse or children. 38 U.S.C. § 5307; 38 C.F.R. §§ 3.450, 3.452. Notably, it is not necessary for the claimant to establish the existence of hardship in order to obtain an apportionment under 38 C.F.R. § 3.450. See Hall v. Brown, 5 Vet. App. 294 (1993). 

The second type of apportionment is a “special” apportionment, which may be paid under the circumstances set forth in 38 C.F.R. § 3.451. That regulation provides that, without regard to any other provision regarding apportionment, where hardship is shown to exist, compensation may be apportioned between the Veteran and his or her dependents on the basis of the facts of the individual case as long as it does not cause undue hardship to the other persons in interest. In determining the basis for special apportionment, consideration is to be given to such factors as the amount of VA benefits payable, other income and resources of the Veteran and those dependents on whose behalf the apportionment is claimed, and the special needs of the Veteran, his or her dependents, and the apportionment claimants. 38 C.F.R. § 3.451 provides further that apportionment of more than 50 percent of the Veteran’s benefits is ordinarily considered to constitute undue hardship on him or her, while apportionment of less than 20 percent of his or her benefits is ordinarily considered insufficient to constitute a reasonable basis for any apportionee.

A veteran’s benefits will not be apportioned where the total benefit payable to the disabled person does not permit payment of a reasonable amount to any apportionee. 38 C.F.R. § 3.458 (a).

The “benefit-of-the-doubt” rule is not for application in a contested claim such as this case because the benefit of the doubt cannot be given to both the appellant and the Veteran. See Elias v. Brown, 10 Vet. App. 259, 263 (1997).

Here, the parties have been separated during the entire appeal period. In July 2019, the appellant submitted court documents indicated that the parties’ divorce hearing was scheduled for September 2019, but that they were not officially divorced at that time. The Veteran has since reported that the parties were divorced in May 2020. However, no documentation has been submitted to corroborate the Veteran’s claims. Furthermore, there is no evidence to reflect that the Veteran has provided any financial support for the appellant during their separation. As such, the threshold requirements for a general apportionment have been met and termination of the apportionment was improper. 38 U.S.C. § 5307 (a)(2); 38 C.F.R. § 3.450 (a)(1)(ii).

For the reasons set forth below, the Board finds that an increased apportionment of the Veteran’s VA benefits in the amount of the dependency benefits received for the appellant is warranted. 

The amount of a special apportionment is determined based on an assessment of hardship. On her November 2018 VA Form 21-0788, the appellant reported a total monthly income of $1,135.00 and total monthly expenses of $1,603. She also reported that she had no net worth, to include from bank accounts, retirement accounts, stocks, or other property. After considering the previously awarded apportionment amount, the appellant’s monthly expenses exceeded her income by approximately $400.00. Accordingly, the appellant has demonstrated financial hardship. 

A March 2019 VA Form 21-0788 shows that the Veteran reported total monthly expenses, to include a deduction of the apportioned VA benefits to the appellant, of $2,781.00. The Veteran also reported that he had no net worth, to include from bank accounts, retirement accounts, stocks, or other property. The record further indicates that the Veteran was receiving $3,165.00 in monthly VA compensation benefits as of April 2019, leaving him with about $384.00 remaining after his monthly expenses. 

After a review of all the evidence, the Board finds that an increased apportionment of the Veteran’s VA disability compensation benefits, in the amount of dependency benefits received for the appellant is warranted. This amount is equivalent to the additional dependency allowance the Veteran received for the appellant during this period of time, which is higher than the monthly amount of $65.00 previously granted by the Agency of Original Jurisdiction. The Board notes the Veteran cannot prevail on a claim of hardship when he is receiving additional benefits for his dependents and the apportioned amount is no more than the additional benefits. See Hall v. Brown, 5 Vet. App. 294, 295 (1993). The Board also notes that the RO terminated the dependency benefits the Veteran received for the appellant in June 2020, based on the Veteran’s reports that the parties were divorced. However, no official documentation has been received to verify these reports. Therefore, an award of an apportionment in the amount of dependency benefits at this date, is not contrary to the correct facts. That question can be revisited in the event appropriate evidence of a divorce is received. Yet, the Board does find an apportionment in excess of the dependency allowance would result in undue hardship in the Veteran’s case due to his limited monthly income and the amount of his monthly expenses. 

(Continued on the next page)

 

In summary, the termination of apportionment benefits to the appellant was improper and the appellant has demonstrated financial hardship. Therefore, reinstatement of the apportionment benefits is warranted, and this in the amount of the dependency benefits received by the Veteran for the appellant.

 

 

MICHAEL KILCOYNE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Erin J. Trojanowski, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.