﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 190520-12370
DATE: November 30, 2020

ORDER

The appeal contesting the apportionment of the Veteran’s VA compensation benefits to S.P., for the benefit of the Veteran’s minor child, N.B., is granted.

FINDING OF FACT

The Veteran is providing reasonable monthly support to S.P., for the benefit of the minor child, N.B., and any additional apportionment would cause him an undue hardship.

CONCLUSION OF LAW

The criteria for entitlement to an apportionment of the Veteran’s VA compensation benefits, to S.P. for the benefit of the minor child N.B., have not been met. 38 U.S.C. § 5307; 38 C.F.R. §§ 3.450, 3.451.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran, who is also the appellant, served on active duty from April 1996 to April 2016. S.P. is the custodian of N.B., the Veteran’s minor child.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a March 2019 apportionment decision of the Department of Veterans Affairs (VA) Regional Office (RO) which granted S.P.’s claim for an apportionment of the Veteran’s VA compensation benefits for the benefit of N.B., the Veteran’s child. In May 2019, the Veteran filed a VA Form 10182 disputing the apportionment award and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ) by a Veterans Law Judge. As a result of the direct review election, only evidence of record at the time of the issuance of the March 2019 apportionment decision will be considered. Furthermore, in compliance with contested claims procedures, S.P. was provided with the substance of the Veteran’s May 2019 VA Form 10182. 38 C.F.R. § 20.403. 

Evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. 38 C.F.R. § 20.300.

Furthermore, the Board notes that the record contains a June 2019 decision in which waiver of the Veteran’s debt created by the special apportionment was granted, as a financial hardship was demonstrated.

Entitlement to an apportionment of the Veteran's VA compensation benefits to the S.P. for the benefit of the minor child, N.B.

The Veteran contends that the RO erroneously granted an apportionment of his VA compensation benefits, as he submitted timely evidence that an apportionment would cause him undue hardship. See May 2019 VA Form 10182.

VA regulations provide for two types of apportionments. The first type is a “general” apportionment, which may be paid under the circumstances set forth in 38 C.F.R. § 3.450. More specifically, all or any part of the compensation payable on account of any Veteran may be apportioned if the Veteran is not residing with his spouse or children, and the Veteran is not reasonably discharging his responsibility for the spouse’s or children’s support. 38 U.S.C. § 5307(a)(2); 38 C.F.R. § 3.450(a)(1)(ii). No apportionment will be made where the Veteran is providing for his dependents. 38 C.F.R. § 3.450(c). It is not necessary for the claimant to establish the existence of hardship in order to obtain an apportionment under 38 C.F.R. § 3.450. See Hall v. Brown, 5 Vet. App. 294 (1993).

The second type is a “special” apportionment. Under this type of apportionment, without regard to any other provision regarding apportionment, where hardship is shown to exist, compensation may be specially apportioned between the Veteran and his dependents on the basis of the facts of the individual case as long as it does not cause undue hardship to the other persons in interest. In determining the basis for special apportionment, consideration is to be given to such factors as the amount of VA benefits payable, other income and resources of the Veteran and those dependents in whose behalf the apportionment is claimed, and the special needs of the Veteran, his dependents, and the apportionment claimants. The amount apportioned should generally be consistent with the total number of dependents involved. Ordinarily, apportionment of more than 50 percent of the Veteran’s benefits would constitute undue hardship on him or her, while apportionment of less than 20 percent of his or her benefits would not provide a reasonable amount for any apportionee. 38 C.F.R. § 3.451. A veteran cannot prevail on a claim of hardship when he or she is receiving additional benefit for a dependent and the apportioned amount is no more than that additional benefits. See Hall, 5 Vet. App. at 295.

Both types of apportionments (either “general” or “special” apportionment) are payable to a spouse or a dependent. 38 U.S.C. § 5307(a)(2); 38 C.F.R. §§ 3.450(a)(1)(ii), 3.451.

A Veteran’s benefits may be apportioned if a veteran is not residing with his spouse or children, and a claim for apportionment is filed for or on behalf of the spouse or children. 38 C.F.R. § 3.452(a). A veteran’s benefits will not be apportioned where the total benefit payable to the disabled person does not permit payment of a reasonable amount to any apportionee. 38 C.F.R. § 3.458(a). 

The “benefit-of-the-doubt rule” rule does not apply in apportionment cases because it is impossible to give the benefit of the doubt to a veteran and a claimant simultaneously. Elias v. Brown, 10 Vet. App. 259 (1997).

Here, S.P. is the mother of N.B. and her custodian. Information provided by the Veteran shows that he has paid approximately $196.00 per month since January 2018 and $508.75 per month since August 2018. Thus, the Board finds that the Veteran is reasonably discharging his responsibility for the support of the child N.B., on behalf of whom the apportionment is sought, and the threshold requirements for a general apportionment have not been met. 38 U.S.C. § 5307(a)(2); 38 C.F.R. § 3.450(a)(1)(ii).

Regarding a special apportionment, based on a review of the financial information of record, S.P. has demonstrated a financial need, as her expenses exceeded her reported income. In a February 2019 VA Form 21-0788, S.P. indicated her income totaled $1,636 per month and her expenses totaled $2,626 per month. However, the applicable regulations provide for consideration not only for her needs but also those of the Veteran. See 38 C.F.R. § 3.451.

The Board further finds that, given the reported income and expenses of the Veteran, an apportionment from his VA benefits would result in undue financial hardship for him, seriously undermining his ability to afford the basic necessities of life. The record reflects that he has a current disability rating of 100 percent from December 2017 and is paid at a rate that includes three dependents, one of whom is N.B. The record indicates that the Veteran has income of $4,727.20 per month and monthly expenses of $4,656.65 per month. The Veteran further reported that his disposable income is then used toward additional child support payments that are in arrears, as well as monthly travel expenses of $308.33, as he lives in a different state than N.B. As a result, the Veteran’s monthly expenses appear to exceed his monthly income. Accordingly, based upon a review of the evidence of record, any apportionment of the Veteran’s VA compensation benefits would cause an undue hardship to the Veteran.

The requirements for an apportionment under 38 C.F.R. §§ 3.450 and 3.451 have not been met because it would result in a financial hardship on the Veteran. In reaching this conclusion, the Board is sympathetic to S.P. in that, as noted, she clearly demonstrated a financial need during the relevant period. However, it must be emphasized that the financial need of the custodian of the Veteran’s child is not the sole consideration. Rather, the determination turns on whether an apportionment of the Veteran’s VA disability compensation would cause undue hardship to the Veteran. See 38 C.F.R. § 3.451. In light of the Veteran’s income and expenses, and for the reasons explained above, the Board has determined that an apportionment is not warranted as this would constitute undue financial hardship to him. As a result, the appeal contesting the apportionment of the Veteran’s VA compensation benefits to S.P., for the benefit of the Veteran’s minor child, N.B., is granted.

 

 

A. ISHIZAWAR

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Griffin, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.